918 F.2d 178
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Solitaire DIPASALGNE, Plaintiff-Appellant,
v.
ORIENT CORRECTIONAL INSTITUTION, Defendant-Appellee.
 No. 90-3115.
 United States Court of Appeals, Sixth Circuit.
 Nov. 15, 1990.
 
 Before KRUPANSKY and MILBURN, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Solitaire DiPasalgne appeals from a district court order granting the defendant's motion for summary judgment and dismissing the complaint filed under Title VII. 42 U.S.C. Sec. 2000e-2(a). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 After receiving a notice of her right to sue from the Equal Opportunity Employment Commission (EEOC) on January 15, 1988, DiPasalgne timely filed her complaint in the district court against her former employer, the Orient Correctional Institution. Seeking back pay, restoration of benefits and expungment of her personnel records, the complainant charged the defendant with racial discrimination, demonstrated by "constant harassment on the job" and eventual termination of employment.
 
 
 3
 The defendant moved for summary judgment, submitting numerous affidavits and records showing that the plaintiff was disciplined and eventually discharged for legitimate, nondiscriminatory reasons and claiming that she had not been harassed on the basis of her race. The district court, after several notices and instructions to DiPasalgne on the proper method for responding to the defendant's motion for summary judgment, finally granted the motion and dismissed the complaint. DiPasalgne requests appointment of counsel on appeal.
 
 
 4
 Upon de novo review, we conclude the district court properly granted the defendant's motion for summary judgment for the reasons stated by that court. The plaintiff did not meet her burden of establishing a prima facie case of racial discrimination. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-03 (1973); Shah v. General Elec. Co., 816 F.2d 264, 268 (6th Cir.1987). Further, assuming a prima facie case had been established, the district court properly concluded that the defendant had met its burden of going forward to show that it had disciplined and terminated DiPasalgne for legitimate, nondiscriminatory reasons. McDonnell Douglas, 411 U.S. at 803. The plaintiff did not then present sufficient evidence to satisfy her ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against her. This burden remains at all times with the plaintiff. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981).
 
 
 5
 Finally, the district court did not abuse its discretion in denying DiPasalgne appointment of counsel in this case. Ana Leon T. v. Federal Reserve Bank, 823 F.2d 928, 930 (6th Cir.) (per curiam), cert. denied, 484 U.S. 945 (1987); Henry v. Detroit Manpower Dep't, 763 F.2d 757, 760 (6th Cir.) (en banc), cert. denied, 474 U.S. 1036 (1985). There being no genuine issue as to any material fact, the district court properly granted the defendant's motion for summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 6
 Accordingly, the appellant's request for appointment of counsel is denied, and the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.